■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITE, Appellant. [666 NYS2d 233] —Casey, J. Appeal

from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered November 29, 1994, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Defendant's conviction stemmed from the killing of Tamu Johnson on or about November 4, 1988. During the evening of November 2, 1988, defendant had visited the victim in her home in the City of Schenectady, Schenectady County, where an altercation occurred and defendant threatened to kill her. On the day of the homicide, an anonymous 911 call was made reporting that someone was "hurt really bad" at the victim's residence. This call was later attributed to defendant. The police answered the call, but when they saw no evidence of wrongdoing they left. The following day, the victim's body was found by the victim's aunt, who shared the home with the victim. Upon calling the police, the aunt advised them that the victim and defendant had met in South Carolina and, on August 8, 1988, while there, defendant had shot at the victim when she ended their relationship. Although defendant was charged as a result of the shooting, he was released on his own recognizance.

A subsequent computer search on defendant revealed the existence of a New York City bench warrant, pursuant to which he was arrested on November 5, 1988. At the police station, defendant signed a waiver of his *Miranda* rights, which had been given to him on at least two occasions. In the course of his interrogation that followed, and after again being given his *Miranda* rights, defendant admitted that he came from South Carolina to see the victim and that he went to her apartment. A written statement was then prepared and signed by defendant. Defendant was again questioned on November 17, 1988 in connection with the 911 call. During this interrogation he admitted to making the call.

After being transported to New York City in December 1988 and again in January 1990 regarding the outstanding warrant, defendant was then extradited to South Carolina where he pleaded guilty to assault with intent to kill. On March 30, 1993, while serving his six-year prison sentence, defendant was again questioned by Schenectady police regarding the November 4, 1988 murder. Defendant told the police that the victim "wasn't breathing because of what I did". Defendant was ultimately brought to Schenectady County to face charges on the November 4, 1988 death.

Defendant moved to suppress all of the statements he made on November 6, 1988, November 17, 1988 and March 30, 1993

in connection with the victim's murder. County Court denied the motion after a *Huntley* hearing. Defendant was convicted after a trial of manslaughter in the first degree and sentenced to a term of imprisonment of 8⅓ to 25 years. Defendant now appeals.

Initially, defendant argues that County Court erred in denying his suppression motion because his statements were obtained in violation of his right to counsel. Citing *People v Bing* (76 NY2d 331), defendant claims that because he was represented by counsel on the South Carolina charge when he was questioned about the murder, and as the crimes were related, his waiver of his right to counsel could not be made outside the presence of an attorney. We disagree.

Although the two offenses involved the same victim and probably the same motive and intent, in our view the South Carolina crime and the Schenectady homicide, which occurred three months apart and in different States, are not "related" so as to invoke the indelible right to counsel (*see, People v Grant*, 241 AD2d 562, 563-564, *lv granted* 90 NY2d 913; *People v Gehy*, 238 AD2d 354, 355, *lv denied* 90 NY2d 905; *People v Marin*, 215 AD2d 267, *appeal dismissed* 88 NY2d 931; *see also, People v Cohen*, 90 NY2d 632, 640-642). Defendant's further contention that the November statements should have been suppressed pursuant to the holding of *People v Rogers* (48 NY2d 167) was raised for the first time in his reply brief and, as such, is not properly before this Court (*see, People v Legister*, 184 AD2d 734, 735, *lv denied* 81 NY2d 764). In any event, as defendant was not in custody on a charge for which he had representation when he made the November 6, 1988 and November 17, 1988 statements, they are not precluded under *Rogers* (*see, People v Bing, supra*, at 350; *see also, People v Burdo*, 91 NY2d 146).

Defendant also argues that the police impermissibly questioned him about the South Carolina incident in an effort to obtain information about the murder and that the questioning was so inextricably intertwined as to be unlawful under the authority of *People v Ermo* (47 NY2d 863) (*see, People v Cohen, supra*). As defendant failed to raise this issue before the suppression court, appellate review is precluded (*see, People v Brown*, 158 AD2d 528, *lv denied* 76 NY2d 731; *People v Manuli*, 156 AD2d 388, *lv denied* 75 NY2d 870).

Finally, the record reveals that defendant was at all times appropriately informed of his *Miranda* rights and that he knowingly and voluntarily waived those rights. As such, we reject defendant's contention that his *Miranda* rights were

violated. Any remaining contentions have been found to be lacking in merit or unpreserved for our review.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.