OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant stands indicted for murder in the second *507 degree and related charges. A Huntley hearing was held before this court on October 30, 1998 and November 20, 1998. The People called Detectives William Martinez and Robert Colten. The defense called Assistant District Attorney (A.D.A.) Greg Turkin. The court finds the testimony of Detectives Martinez and Colten and A.D.A. Turkin to be forthright, reliable, consistent and to have the force and flavor of credibility. The court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
In March of 1996, Detective Robert Colten was assigned the investigation of the March 31, 1990 shooting death of Almonte Thorbourne. Detective Colten learned that the defendant was incarcerated in a Pennsylvania State correctional institution. The institution informed him that the defendant had been sentenced to seven years’ incarceration. Detective Colten did not investigate this information.
On April 1, 1996, Detective Colten enlisted the assistance of Detective William Martinez to interview the defendant as Detective Martinez was fluent in the Spanish language. The interview of the defendant took place in the facility’s administrative office. Before commencing the interview, Detective Martinez asked the defendant about the status of his Pennsylvania cases. The defendant informed the detectives that he was incarcerated pursuant to a sentence on a drug case and that all his cases were completed. He did not indicate that he was represented by an attorney nor did he request representation. The detectives did not independently seek to determine if the defendant was represented by counsel. They relied on the defendant’s statements and the nature of the institution in which the defendant was incarcerated.
Detective Martinez thereafter read the defendant the Miranda warnings from a card in both English and Spanish. After the rights were read, Detective Martinez questioned the defendant about the March 31, 1990 incident. Detective Martinez later reduced the defendant’s statement to writing in English and read it to the defendant in both English and Spanish. The defendant and both detectives signed the statement.
During the course of the Huntley hearing held before this court, A.D.A. Turkin learned that the defendant had open cases in Pennsylvania. He never spoke to any Pennsylvania authorities nor had he ever seen a printout of the defendant’s Pennsylvania criminal history. A.D.A. Turkin believed that the *508 defendant was a sentenced prisoner because he was in a State facility. His only contact with anyone in Pennsylvania occurred when he spoke with an attorney representing the defendant for the purposes of extradition. This conversation dealt with the statements the defendant made during an extradition waiver hearing in Pennsylvania subsequent to his indictment in New York.
A printout of the history of the defendant’s Pennsylvania drug case indicated that on the date Detectives Colten and Martinez visited the defendant in the Pennsylvania jail, the sentence on his drug case indeed had been imposed but suspended. He had been assigned counsel to litigate postconviction motions. A pro se motion to discharge counsel had been denied by the court.
CONCLUSIONS OF LAW
“[0]nce a defendant in custody on a particular matter is represented by or requests counsel, custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease”. (People v Steward, 88 NY2d 496, 501 [1996]; see also, People v Rogers, 48 NY2d 167, 171 [1979].) There is no requirement that the attorney must signify to the police that they should refrain from questioning the defendant. (People v Burdo, 91 NY2d 146, 150 [1997].) If, however, the defendant is not in custody on the unrelated matter upon which the right to counsel has attached, questioning on a new matter is permitted. (People v Steward, supra, at 502; see also, People v Bing, 76 NY2d 331, 350 [1990].) There is no derivative right to counsel. (Compare, People v Bartolomeo, 53 NY2d 225 [1981], with People v Bing, supra; see also, People v Steward, supra, at 499, 501.)
An appeal on which a defendant is represented by counsel does not constitute such a pending case: “[a]fter conviction and sentence, prosecutorial authorities do not have the same motivation to gather evidence incriminating the defendant on charges for which he has already been convicted”. (People v Colwell, 65 NY2d 883, 885 [1985].) If the prior pending charges have been dismissed, any resulting statement is admissible in evidence. (People v Mann, 60 NY2d 792, 794 [1983].)
When a defendant has been sentenced on the prior unrelated case, the police may question him on new matters. (People v Cawley, 76 NY2d 331 [1990] [companion case to People v Bing, supra]; People v White, 244 AD2d 765 [3d Dept 1997], lv denied *509 91 NY2d 1014 [1998].) In People v Cawley, the defendant was questioned by a police officer unaware of his prior representation on a robbery case. He waived his Miranda rights and made inculpatory statements about two new unrelated murder cases. He then pleaded guilty on the original robbery case and received a 30-day sentence. Days after being released, he was arrested on the new charges and made an additional statement. The trial court suppressed the statement obtained after the sentence on the robbery charge had been imposed on the theory that it was not sufficiently attenuated from the unlawful conduct in obtaining the prior statements. (People v Cawley, supra, at 336.) The Court of Appeals reversed and denied suppression. (People v Cawley, supra, at 351.)
In People v White (supra), the defendant was serving a six-year prison sentence in South Carolina when he was interviewed by New York police officers concerning a New York murder. The trial court denied suppression of this statement, the defendant was convicted and the Appellate Division affirmed the conviction, rejecting the argument that the statement was obtained in violation of his right to counsel. (People v White, supra, at 767.) Accordingly, this court notes that when the unrelated matter is a case upon which sentence has been imposed, the right to counsel will not result in suppression of the defendant’s statements. In addition, the question of whether the defendant is at liberty or in custody is irrelevant to the counsel issue. (Compare, People v Cawley, supra, with People v White, supra.)
The burden of proving police knowledge of representation on pending charges falls on the defense. (People v Rosa, 65 NY2d 380, 386 [1985].) Actual knowledge of a pending charge is required before the right to counsel is violated. (People v Bing, supra, at 343.) Critical factors to consider in determining whether representation on prior pending charges bars custodial statements elicited in the absence of counsel include “the extent of the police knowledge; the proximity, severity and notoriety of the prior charges; and the good or bad faith of the police.” (People v Bertolo, 65 NY2d 111, 118 [1985].) While the police might have a duty to inquire of the defendant in some particular circumstances, they can accept his responses at face value: “[T]here are practical limitations to the obligations that can be imposed upon the investigating authorities, while reflecting a concern that a right known to exist or the existence of which could easily be ascertained not be ignored. It was not intended that to effectuate that right the police would be required to *510 undertake exhaustive inquiries regarding its existence.” (People v Lucarano, 61 NY2d 138, 147 [1984] [declining to read People v Bartolomeo (supra) as requiring the police to take additional or exhaustive measures].)
In the instant case, the defendant was in custody in Pennsylvania on a drug case that was unrelated to the homicide case under investigation. He was incarcerated in a State institution for sentenced prisoners and so informed Detectives Colten and Martinez. He also denied having any other pending matters. The police were entitled to rely on his representation about the sentenced matter as well as other matters. The detectives were not required to conduct any independent investigation. They relied in good faith on the defendant’s representations. Accordingly, the defendant having been sentenced on the drug case, it cannot be considered as pending and did not provide a right to counsel requiring suppression of the statement.
The fact that the defendant’s prior case was outside New York State supports the court’s conclusion that there was no violation of a right to counsel. In People v Bing (supra), the defendant, a suspect in a New York burglary, was arrested in Nassau County on an Ohio warrant. The police were alerted to the outstanding warrant but made no inquiry about representation when they called to confirm the warrant or when questioning the defendant. In fact, the defendant was represented on the pending Ohio case. The trial court denied suppression, agreeing with the People’s argument that a geographical limit should be recognized. (People v Bing, supra, at 335.) The Court of Appeals affirmed denial of suppression.
Accordingly, for the foregoing reasons, the court finds that there was no violation of a right to counsel when the detectives obtained the statement from the defendant.*
At a hearing to consider suppression of a defendant’s statement, the People must prove beyond a reasonable doubt that the statement was voluntary to permit its admission into evidence. (People v Anderson, 69 NY2d 651 [1986]; People v Witherspoon, 66 NY2d 973 [1985].) A defendant in custody must be given Miranda warnings before being interrogated regardless of the severity of the offense. (Berkemer v McCarty, 468 US 420 [1984].) Waiver of the rights secured by the Miranda warnings *511 must be knowingly and voluntarily made. (People v Sirno, 76 NY2d 967, 968 [1990]; People v Williams, 62 NY2d 285, 288 [1984]; CPL 60.45.)
In the instant case, Detective Martinez read the defendant the Miranda warnings in both English and Spanish before questioning him. The defendant voluntarily agreed to waive his rights and to speak with the police. He gave an oral account which Detective Martinez later reduced to writing in English. After the statement was read to him in both English and Spanish, the defendant signed it, thereby indicating that it accurately reflected his words. No police personnel did or said anything to induce the defendant to make a statement.
For the foregoing reasons, the defendant’s motion to suppress his statement is in all respects denied.

 The court notes that although A.D.A. Turkin learned that the defendant had open cases in Pennsylvania, there is no evidence that these cases were pending at the time the statement was obtained from the defendant.