■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RIVERA, Appellant. [716 NYS2d 704] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered February 28, 1996, convicting him of murder in the second degree (two counts), kidnapping in the first degree, and tampering with a witness in the first degree under Indictment No. 699/95, upon a jury verdict, and imposing concurrent indeterminate terms of 25 years to life imprisonment on each conviction of murder in the second degree, 8⅓ to 25 years imprisonment on the conviction of tampering with a witness in the first degree, and an indeterminate term of 25 years to life imprisonment on the conviction of kidnapping in the first degree, to run consecutively to the sentence imposed on the convictions of murder in the second degree, and (2) a judgment of the same court (Browne, J.), rendered April 30, 1996, convicting him of robbery in the first

degree, burglary in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen goods in the fifth degree under Indictment No. 1894/94, upon his plea of guilty, and imposing sentence. The appeal from the judgment under Indictment No. 699/95 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment under Indictment No. 699/95 is modified, on the law, by providing that the term of imprisonment imposed on the conviction of kidnapping in the first degree shall be served concurrently with the terms of imprisonment imposed on the convictions of murder in the second degree; as so modified, the judgment under Indictment No. 699/95 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 1894/94 is affirmed.

The defendant and codefendant, Robert Molina, were being prosecuted for a robbery they perpetrated against Bonnie Meija. Shortly before Ms. Meija was to testify against them in that action, the defendant and Molina abducted her from her home and murdered her to prevent her from testifying. The defendant ultimately signed a statement implicating himself in the murder and kidnapping of Ms. Meija.

The defendant now argues, *inter alia*, that the Supreme Court should have suppressed his confession and other statements he made to law enforcement authorities because they were obtained in violation of his right to counsel. He contends that because he was represented by counsel on the pending robbery charge when he was questioned about the murder of Ms. Meija, his waiver of his *Miranda* rights (*see, Miranda v Arizona*, 384 US 436) was ineffective. We disagree.

During the course of the defendant's interrogation, the police did not question him about the robbery charges. Rather, the detectives confined their questioning to matters concerning the defendant's possible involvement in Ms. Meija's disappearance. The interrogation did not contain any impermissible questioning that "was not discrete or fairly separable" from the robbery charges, the police did not use the robbery charges as a "crucial element" in securing the defendant's confession to the murder charges, and the police did not exploit "concededly impermissible questioning" related to the robbery charge to advance their interrogation of the murder case (*People v Cohen*, 90 NY2d 632, 640; *see, People v Ermo*, 47 NY2d 863, 865). More-

over, contrary to the defendant's contention, the robbery and murder charges were not so interwoven in terms of their temporal proximity and factual interrelatedness that any interrogation concerning the victim's disappearance would "almost necessarily" elicit statements pertaining to the robbery (*see, People v Cohen, supra*; *People v Vella,* 21 NY2d 249; *see, People v Gehy,* 238 AD2d 354; *People v Marin,* 215 AD2d 267). Accordingly, the defendant's statements were properly admitted at trial.

The court erred in directing that the sentence imposed on the conviction of kidnapping in the first degree was to run consecutively to the sentence imposed on the convictions of murder in the second degree. The act of kidnapping as charged herein (*see,* Penal Law § 135.25 [3]) was not completed until Ms. Meija was killed as a result of the same acts for which the defendant was charged with murder in the second degree and tampering with a witness. Thus, the sentences imposed must be concurrent (*see, People v Molina,* 248 AD2d 489).

The parties' remaining contentions are either academic in light of our determination or without merit. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.