■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TUCKER, Appellant. [818 NYS2d 51]—

Judgment, Supreme Court, Bronx County (William C. Donnino, J.), rendered November 23, 1998, as amended February 18, 1999, convicting defendant, after a jury trial, of murder in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, conspiracy in the second degree, criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

Defendant's right to counsel claim with respect to a statement made to a detective is unavailing. We note, as an initial matter, that the questioning of defendant with regard to the drug, murder and conspiracy charges on which he was unrepresented did not elicit any incriminating information with regard to the pending assault charge on which he was represented. In any event, there was no right to counsel violation because, notwithstanding the evidentiary relationship between the two cases, they were not "so closely related transactionally, or in space or time, that questioning on the unrepresented [murder/conspiracy] matter would all but inevitably elicit incriminating responses regarding the [assault] matter in which there had

been an entry of counsel" (*People v Cohen*, 90 NY2d 632, 638 [1997]). The murder occurred almost 11 months after the assault, and at a time when defendant was incarcerated. The fact that the cases involved the same victim or that the earlier crime provided a motive for the later crime did not make the two crimes related such that representation on the assault precluded defendant from effectively waiving his right to counsel regarding the new crimes (*see People v Rivera*, 277 AD2d 470 [2000], *lv denied* 96 NY2d 833 [2001]; *People v Campbell*, 275 AD2d 984 [2000], *lv denied* 96 NY2d 732 [2001]; *People v White*, 244 AD2d 765, 767 [1997], *lv denied* 91 NY2d 1014 [1998]).

Although a right to counsel claim need not be specifically preserved, defendant affirmatively waived such a claim with respect to the statements he made to an informant. In any event, we similarly reject this claim, and we also find that, with respect to counsel's waiver of this issue, defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The prosecutor's cross-examination of defendant did not deprive defendant of a fair trial. With regard to most of the questions challenged on appeal, the court sustained objections and defendant sought no further relief. Accordingly, defendant's challenges to those questions are unpreserved, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court provided a sufficient remedy for any improprieties by sustaining the objections. With regard to the questions as to which the court overruled defendant's objections, we find nothing so egregious as to warrant reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

Defendant's challenge to the constitutionality of the sentencing scheme for first-degree murder is without merit (*People v Hansen*, 99 NY2d 339 [2003]). Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.