THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, JR., Appellant. [839 NYS2d 377]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 17, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts), murder in the second degree (two counts), attempted murder in the first degree, attempted murder in the second degree, conspiracy in the second degree (two counts), and criminal solicitation in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of murder in the second degree and attempted murder in the second degree and dismissing counts two, four, and six of the indictment and by vacating the sentences imposed for murder in the first degree and attempted murder in the first degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on counts one, three, and five of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]), murder in the second degree (§ 125.25 [1]), conspiracy in the second degree (§ 105.15), and criminal solicitation in the second degree (§ 100.10), and one count each of attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [viii]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). As a preliminary matter, we note that the certificate of conviction incorrectly reflects with respect to the third count that defendant was convicted of murder in the first degree under Penal Law § 125.27 (1) (a)

(vii), and it must therefore be amended to reflect that he was convicted under Penal Law § 125.27 (1) (a) (viii) (*see People v Saxton*, 32 AD3d 1286 [2006]; *see also People v Benson*, 265 AD2d 814, 816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]).

Defendant contends that County Court erred in denying his motion to suppress statements that he made to an inmate who was cooperating with the police and to an undercover police officer on the ground that they were elicited in violation of his constitutional right to counsel. Defendant contends that the inmate and the undercover officer were precluded from questioning him with respect to the then-uncharged conspiracy and criminal solicitation because his right to counsel on the murder charges had attached. We reject that contention. The murder charges were not transactionally related to the uncharged crimes (*see People v Cohen*, 90 NY2d 632, 638-639 [1997]; *People v Tucker*, 30 AD3d 312 [2006], *lv denied* 7 NY3d 818 [2006]). The fact that the victim of the attempted murder charges was the subject of the murder plot that formed the basis of one of the conspiracy charges is not dispositive (*see Tucker*, 30 AD3d at 313; *People v Campbell*, 275 AD2d 984 [2000], *lv denied* 96 NY2d 732 [2001]; *People v White*, 244 AD2d 765, 767 [1997], *lv denied* 91 NY2d 1014 [1998]; *see also People v Rivera*, 277 AD2d 470, 471-472 [2000], *lv denied* 96 NY2d 833 [2001]).

Defendant further contends that the court erred in admitting in evidence a photograph of one of the victims taken while she was alive, and that the People's failure to preserve that exhibit precludes meaningful review of his contention, in violation of his right to due process. Even assuming, arguendo, that the court erred in admitting the exhibit in evidence, we conclude that the error is harmless (*see People v Stevens*, 76 NY2d 833, 836 [1990]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]), and we thus conclude that defendant was not deprived of due process.

Contrary to defendant's further contention, the People provided race-neutral reasons for exercising peremptory challenges with respect to two prospective jurors, and the court properly found that those reasons were not pretextual (*see People v Scott*, 31 AD3d 1165 [2006], *lv denied* 7 NY3d 851 [2006]; *see generally People v Smocum*, 99 NY2d 418, 422 [2003]). We thus conclude that defendant's *Batson* challenge lacks merit. Defendant failed to preserve for our review his contention that the People improperly elicited testimony concerning the invocation by defendant of his right to counsel

(*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant was not denied effective assistance of counsel based on defense counsel's failure to object to that testimony (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We conclude that the sentence is not unduly harsh or severe. We agree with defendant, however, that those parts of the judgment convicting him of murder in the second degree and attempted murder in the second degree must be reversed and counts two, four, and six of the indictment dismissed because they are inclusory concurrent counts of the murder in the first degree and attempted murder in the first degree counts (*see* CPL 300.40 [3] [b]; *People v Pierre*, 37 AD3d 1172, 1173 [2007]; *see generally People v Miller*, 6 NY3d 295, 300-303 [2006]). We therefore modify the judgment accordingly. We further agree with defendant that the court erred in ordering that the sentence imposed on the third count, charging murder in the first degree, shall run consecutively to the sentence imposed on the first count, charging murder in the first degree, and in ordering that the sentence imposed on the fifth count, charging attempted murder in the first degree, shall run consecutively to the sentences imposed on the first and third counts (*see People v Rosas*, 8 NY3d 493 [2007]; *People v Smith*, 28 AD3d 1202, 1203-1204 [2006], *lv denied* 7 NY3d 818 [2006]). Defendant was charged with the intentional murder of one victim (grandmother) with the accompanying murder of her granddaughter, the intentional murder of the granddaughter with the accompanying murder of the grandmother, and the attempted intentional murder of the grandmother's daughter with the accompanying murder of the grandmother and/or the granddaughter. As charged, the same two murders form the basis for each offense, and thus the counts have the same actus reus (*cf. Rosas*, 8 NY3d at 502 n 3). We therefore further modify the judgment by vacating the sentences imposed for murder in the first degree and attempted murder in the first degree, and we remit the matter to County Court for resentencing on counts one, three, and five of the indictment. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.