■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. HORTON, Appellant. [850 NYS2d 650]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 17, 2006, upon a verdict convicting defendant of the crimes of aggravated murder, murder in the first degree, murder in the second degree,

robbery in the first degree (two counts), robbery in the third degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

On March 1, 2006, defendant, armed with a .357 magnum, along with Bryan Adams robbed a bank in the Town of Big Flats, Chemung County. After fleeing the bank, State Trooper Andrew Sperr pulled over the vehicle being driven by Adams, presumably after noticing the truck's license plate hanging by a rope. As Sperr approached the vehicle, defendant began shooting at him. Gunshots were exchanged ending with Sperr being fatally wounded and defendant and Adams both sustaining injuries.

Defendant was arrested at a motel a short time later after his wife called 911 to obtain medical attention for him. After being read his *Miranda* rights, defendant made various statements to the police both in the ambulance and at the hospital. Thereafter, defendant was indicted on numerous charges and his subsequent motion to suppress the statements he made to police was denied. Following a jury trial, defendant was convicted of aggravated murder, murder in the first degree, murder in the second degree, robbery in the first degree (two counts), robbery in the third degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

Initially, defendant contends that County Court erred in denying his motion to suppress his inculpatory statements to the police because he invoked his right to remain silent. We disagree. Although police are required to honor a defendant's invocation of the right to remain silent, police are not required to cease questioning when faced with anything less than an unequivocal and unqualified invocation of that right (*see People v Glover*, 87 NY2d 838, 839 [1995]; *People v Caruso*, 34 AD3d 860, 862 [2006], *lv denied* 8 NY3d 879 [2007]). Here, defendant was accompanied in the ambulance by Officer Dale Partridge and State Police Investigator John Ward. After Ward read defendant his *Miranda* rights, defendant, who Ward testified was alert, cooperative and calm during the ambulance ride, indicated that he understood those rights and stated something to the effect of "I think I'll wait" or "I think I'll wait a minute." A few minutes later, when Partridge informed defendant that he had some concerns, defendant agreed to answer his questions. Because defendant's response did not unequivocally preclude further questioning but was "temporally qualified" and, in fact, implied that he might speak at a later time (*People v Caruso*, 34 AD3d

at 863; *see People v Goss*, 162 AD2d 466, 467 [1990], *revd on other grounds* 78 NY2d 996 [1991]), we find no error in County Court denying defendant's motion to suppress his statements.

Next, we are unpersuaded by defendant's contention that the intent to kill element of the crimes of aggravated murder (*see* Penal Law § 125.26 [1] [a] [i]) and murder in the first degree (*see* Penal Law § 125.27 [1] [a] [vii]) was not supported by the weight of the evidence. "In reviewing the weight of the evidence, [i]f based on all the credible evidence a different finding would not have been unreasonable, then [we must] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005] [internal quotation marks and citations omitted]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]). Here, in addition to defendant's inculpatory statements and testimony regarding Sperr's injuries, Adams testified that defendant asked if he wanted "to do a little bit of time or a lot of time" when being pulled over by Sperr and then stated that "New York don't have the death penalty, that they can just give him life in prison" and that "he was going to shoot the cop." Adams also testified that after the exchange of gunfire had stopped and Sperr was on the ground not moving, defendant shot at Sperr again and said that he had killed him. This was consistent with the forensic pathologist's testimony that two of the bullets entered Sperr's body while he was in the prone position. Although defendant attacks the credibility of Adams' testimony based upon, among other things, Adams' criminal history and "favorable treatment" in exchange for testifying against defendant, it is within the province of the jury to resolve such credibility determinations (*see People v Headley*, 38 AD3d 1007, 1007 [2007], *lv denied* 9 NY3d 865 [2007]). According due deference to such credibility determinations, upon our independent review of the record, we find that the verdict with respect to the challenged convictions was not against the weight of the evidence (*see People v Caruso*, 34 AD3d at 863, 864-865 [2006]; *People v Mullings*, 23 AD3d 756, 758 [2005], *lv denied* 6 NY3d 756 [2005]).

Although not raised by either party, modification of the judgment is required. Under CPL 300.40 (3) (b), "[w]ith respect to inclusory concurrent counts, . . . [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted." Here, defendant was convicted of murder in the first degree (*see* Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (*see* Penal Law § 125.25 [3]), which is an inclusory concurrent count of murder in the first degree

(*see People v Miller*, 6 NY3d 295, 303 [2006]; *People v Cherry*, 46 AD3d 1234 [2007] [decided herewith]; *see generally* CPL 1.20 [37]; 300.30 [4]). Similarly, defendant was also convicted of robbery in the first degree (two counts) (*see* Penal Law § 160.15 [1], [2]) and robbery in the third degree (*see* Penal Law § 160.05), which is an inclusory concurrent count of robbery in the first degree (*see People v Maharaj*, 308 AD2d 551, 552 [2003], *lv denied* 1 NY3d 575 [2003]). As such, defendant's convictions of murder in the second degree and robbery in the third degree should be reversed and the respective counts of the indictment* should be dismissed.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of murder in the second degree and robbery in the third degree under counts 3 and 6 of the indictment; said counts dismissed and sentences imposed thereon vacated; and, as so modified, affirmed.

---

* Counts 3 and 6 were originally charged as counts 4 and 7 in the indictment. However, the People withdrew count 3 of the indictment at the close of evidence, renumbering count 4 as count 3 and count 7 as count 6.