IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100818-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 6, 2012) |
| Saul Cristobal, | ) | |
| | ) | 2012 UT App 181 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091403145
The Honorable Lynn W. Davis

Attorneys:      Robert M. Congelliere, Provo, for Appellant
               Mark L. Shurtleff and Andrew F. Peterson, Salt Lake City, for Appellee

-----

Before Judges McHugh, Thorne, and Christiansen.

McHUGH, Presiding Judge:

¶1      Saul Cristobal appeals from his conviction of aggravated assault with an "in concert" enhancement, a second degree felony, *see* Utah Code Ann. § 76-5-103 (2008); *id.* § 76-2-202; *id.* § 76-3-203.1 (Supp. 2011), and riot, a third degree felony, *see id.* § 76-9-101 (2008).[1]  We affirm.

---

1.  Since the events giving rise to the charges in this case, the Utah Legislature has made material changes to the aggravated assault statute.  Therefore, we cite the version of that statute in effect when the alleged offense occurred.  *Compare* Utah Code Ann. § 76-5-103

(continued...)

¶2      The background in this case is the same as in the companion case of *State v. High*, 2012 UT App 180, released concurrently with this opinion, and we do not restate it in detail here.  At trial, Cristobal testified that he is a former member of Provo Varrio Locotes, or PVL, a street gang.  While Cristobal raised other arguments in his appellate brief, at oral argument he limited his claim on appeal to a challenge under rule 403 of the Utah Rules of Evidence to the Gang Activity Evidence.[2]  The final part of an analysis under rule 404(b) of the Utah Rules of Evidence is a rule 403 balancing of the probative value of the evidence against its risk of unfair prejudice.[3]  *See High*, 2012 UT App 180, ¶ 29 (stating that relevant evidence "'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice'" (quoting *State v. Nelson-Waggoner*, 2000 UT 59, ¶ 20, 6 P.3d 1120)).  With one exception, all of the evidence challenged by Cristobal also formed the basis of High's appeal.  *See id.* ¶ 42.  As explained in *State v. High*, either that evidence was properly received or any assumed error in admitting it was harmless.  *See id.* ¶¶ 41-54.  The only evidence that Cristobal challenges but High does not is the testimony that PVL considers Provo to be its territory (the territory testimony).  Cristobal concedes the relevance of this evidence, but argues that it should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice.

---

1.  (...continued)
(2008), *with id.* § 76-5-103 (Supp. 2011).  Because the legislature has not made any substantive changes to the provisions of the other statutes discussed in this opinion, we cite the current version of the Utah Code with respect to all statutes except the aggravated assault statute.

2. The Gang Activity Evidence includes evidence that PVL considers Provo to be its territory, that PVL's purpose is to fight rival gangs within that territory, that fighting and aggressive behavior earns status within PVL, and that codefendant Lonny High acknowledged that he knew such activity was probably illegal.  *See State v. High*, 2012 UT App 180, ¶ 42.

3. The Utah Rules of Evidence were amended in 2011.  The amendments were intended to "be stylistic only" and not intended to "change any result in any ruling on evidence admissibility."  *See* Utah R. Evid. 403, 2011 advisory committee's notes.  Therefore, unless otherwise indicated, we cite the current version of the rules for the reader's convenience.

¶3   "'We review a trial court's decision to admit or exclude evidence under [r]ule 403 . . . [using] an abuse of discretion standard.'" *State v. Downs*, 2008 UT App 247, ¶ 6, 190 P.3d 17 (alterations in original) (quoting *State v. Castillo*, 2007 UT App 324, ¶ 6, 170 P.3d 1147) (additional internal quotation marks omitted). Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." The rule is "inclusionary" and "presumes the admission of all relevant evidence except where the evidence has an unusual propensity to unfairly prejudice, inflame, or mislead the jury." *State v. Kooyman*, 2005 UT App 222, ¶ 26, 112 P.3d 1252 (internal quotation marks omitted).

¶4   The territory testimony is relevant to the "in concert" enhancement and motive because it explains why gang members might congregate in the area and exhibit hostility toward intruding nonmembers. *See People v. Hernandez*, 94 P.3d 1080, 1086 (Cal. 2004) ("Evidence of the defendant's gang affiliation—including evidence of the gang's territory . . . —can help prove identity, motive, modus operandi, specific intent, means of applying force or fear, or other issues pertinent to guilt of the charged crime."); *People v. Ayala*, 567 N.E.2d 450, 455 (Ill. App. Ct. 1990) (holding that evidence that the victims were in territory claimed by two rival gangs was relevant and admissible to prove motive for a seemingly inexplicable attack); *People v. Cherry*, 850 N.Y.S.2d 645, 648-49 (N.Y. App. Div. 2007) (holding that the trial court did not err in admitting expert testimony on gangs, including "the geographic areas ascribed to the local gang," where it "explained a possible motive, namely the perceived disrespect by one victim who was not a gang member but sold drugs in an area controlled by the gang"). The State alleged that Cristobal, his codefendant Lonny High, and an unidentified third man, had initiated an unprovoked attack on two brothers as they walked along the Provo River Parkway. *See High*, 2012 UT App 180, ¶ 5. Where neither brother was affiliated with PVL or a gang rival to PVL, the territory testimony was needed to prove the state's theory that the brothers were harassed and then brutally attacked for no apparent reason while using the Provo River Parkway. The fact that the brothers were in the gang's territory at the time of the altercation made it more likely that High and Cristobal were the aggressors.

¶5   We are likewise not convinced that the territory testimony would likely "rouse the jury to overmastering hostility." *See State v. Allen*, 2005 UT 11, ¶ 24, 108 P.3d 730 (internal quotation marks omitted). By the time the State elicited this testimony, the jury was aware that "Provo Varrio Locotes" translates in English to "Provo

Neighborhood Crazies," thereby suggesting that the gang considers Provo its "neighborhood." Under these circumstances, the additional fact that PVL claims Provo as its territory carries little risk of unfair prejudice.

¶6    Therefore, we conclude that the trial court did not exceed its discretion by admitting the territory testimony.

¶7    Affirmed.

_____
Carolyn B. McHugh,
Presiding Judge

                                          -----

¶8    WE CONCUR:

_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge