People v Cunningham (2021 NY Slip Op 03195)





People v Cunningham


2021 NY Slip Op 03195


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-05447
 (Ind. No. 2801/12)

[*1]The People of the State of New York, respondent,
v
Michael B. Cunningham, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered April 11, 2017, convicting him of murder in the second degree (two counts), kidnapping in the first degree, aggravated criminal contempt, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence and the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree and related crimes in connection with the death of Albert Robinson.
The defendant's contention that the Supreme Court erred in denying, without a hearing, that branch of his omnibus motion which was to suppress physical evidence seized from his car is without merit, as his supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant a hearing (see CPL 710.60[3]; People v Robinson, 118 AD3d 1028; see also People v Watson, 163 AD3d 855, 857).
The police did not violate the defendant's right to counsel when they questioned him about Robinson's murder. Assuming that the defendant's right to counsel had attached on two pending criminal matters, the murder was not "so closely related transactionally, or in space or time" to the represented matters "that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel" (People v Cohen, 90 NY2d 632, 638; see People v Henry, 31 NY3d 364, 370). The alleged incidents underlying the represented matters occurred more than three months before the murder, at different locations. The fact that the represented matters involved Robinson and the defendant's wife, with whom Robinson was having an affair, did not make the crimes so related that representation on the prior matters precluded the defendant from effectively waiving his right to counsel regarding the [*2]murder (see People v McCalla, 172 AD3d 750, 751; People v Davis, 149 AD3d 451, 452; People v Jackson, 41 AD3d 1268, 1269; People v Tucker, 30 AD3d 312, 313; People v Rivera, 277 AD2d 470, 471-472). Moreover, the police did not ask the defendant about the represented matters, so the interview did not actually entail an infringement of the defendant's right to counsel (see People v Henry, 31 NY3d at 371; People v Cohen, 90 NY2d at 640; People v Rivera, 277 AD2d at 471).
Contrary to the People's contention, the defendant preserved for appellate review his contention that his confrontation clause rights were violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. Moreover, under the circumstances presented, evidence of DNA testing performed on swabs taken from a rug inside the defendant's car and latex gloves recovered near Robinson's body was testimonial in nature (see People v Austin, 30 NY3d 98, 104; People v John, 27 NY3d 294, 308). Nevertheless, the defendant's right of confrontation was not violated. The criminalist, who had a Ph. D. in genetics and was the assigned analyst on the case, performed his own analysis of certain DNA profiles, concluded that there was a DNA match, and issued and signed the final report, which was challenged on cross-examination (see People v Lebron, 171 AD3d 1092, 1093; People v Pascall, 164 AD3d 1265, 1266). The testimony of the criminalist established that he witnessed, performed, or supervised the generation of certain DNA profiles or used independent analysis on the raw data and thus, was not merely "[functioning as] a conduit for the conclusions of others" (People v Austin, 30 NY3d at 105; see People v Tsintzelis, 35 NY3d 925, 927; People v John, 27 NY3d at 315).
The defendant's contention that his Fourth Amendment rights were violated when the prosecution obtained his historical cell site location information without first obtaining a warrant is unpreserved for appellate review (see CPL 470.05[2]; People v Crum, 184 AD3d 454, 455), and we decline to exercise our discretion to reach it in the interest of justice (see People v Colon, 187 AD3d 647; People v Adams, 186 AD3d 842, 843). Moreover, the defendant's trial counsel was not ineffective for failing to anticipate the ruling in Carpenter v United States (_____ US_____, _____, 138 S Ct 2206, 2222), which was decided approximately three years after the defendant's trial (see People v Maxwell, 152 AD3d 622, 624; People v Clark, 129 AD3d 1, 14, affd 28 NY3d 556).
The defendant failed to preserve for appellate review his contention that the admission into evidence at trial of a recording, made by an assistant district attorney, of a voice message purportedly left on Robinson's cell phone, violated his due process rights (see CPL
470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court