People v Gordon (2021 NY Slip Op 04761)





People v Gordon


2021 NY Slip Op 04761


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08356
 (Ind. No.1136/17)

[*1]The People of the State of New York, respondent,
v
Tremaine Gordon, appellant.


Portale Randazzo, LLP, White Plains, NY (Richard A. Portale of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered May 21, 2019, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and Joseph Ogilvie (hereinafter the codefendant) were arrested in connection with a stabbing outside a strip club. Following a joint trial, the jury found the defendant guilty, under an acting in concert theory, of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree.
The defendant's challenge to the legal sufficiency of the evidence is largely unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court properly permitted two police witnesses to testify that the defendant was the person depicted in a surveillance video taken by the strip club's security camera based upon the witnesses' own personal knowledge of the defendant. The testimony "served to aid the jury in making an independent assessment regarding whether the man in the [footage] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025; see People v Martinez, 164 AD3d 1260, 1262; People v Franzese, 154 AD3d 706, 707).
The defendant's contention that a severance of the trial from that of the codefendant was warranted is without merit. Severance motions are addressed to the sound discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183). "[S]everance is not required solely because of hostility between the [defendants], differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his [or her] defense" (id. at 184 [internal quotation marks omitted]). Here, the charges against the defendant were premised on the same evidence used to establish his codefendant's guilt and the defendant failed to provide any cogent reason to warrant a severance (see People v Fassino, 169 AD3d 921, 923).
Contrary to the defendant's contentions, defense counsel's cross-examination of witnesses and alleged failure to object to the admission of certain evidence, or to request certain jury instructions, did not constitute the ineffective assistance of counsel. Under the circumstances presented here, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Robinson, 160 AD3d 991, 992).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80), and "the fact that the sentence imposed after the trial was more severe than the sentence offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial" (People v Arman, 188 AD3d 1237, 1238).
The defendant's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court