People v Skrine (2022 NY Slip Op 00197)





People v Skrine


2022 NY Slip Op 00197


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2014-07390
 (Ind. No. 454/11)

[*1]The People of the State of New York, respondent,
v
Armand Skrine, appellant.


Janet E. Sabel, New York, NY (Natalie Rea of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Alexander Fumelli, and Thomas B. Litsky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered July 29, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v. Romero, 7 NY3d 633).
"[T]he evidence, the law, and the circumstances of this case, viewed in the totality and as of the time of the representation, reveal that counsel provided the defendant with meaningful representation" (People v Benevento, 91 NY2d 708, 712; see People v Baldi, 54 NY2d 137, 147). Contrary to the defendant's contention, counsel was not ineffective for failing to assert a Confrontation Clause challenge to the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York (see People v John, 27 NY3d 294, 295). The alleged error involves an issue which was not "so clear-cut and dispositive" (People v Rodriguez, 31 NY3d 1067, 1068 [internal quotation marks omitted]) at the time of the defendant's trial that "no reasonable defense counsel would have failed to assert it" (id. at 1068 [internal quotation marks omitted]; see People v McGee, 20 NY3d 513, 518; People v Cunningham, 194 AD3d 954, 956). In addition, counsel's failure to object to improper testimony and evidence regarding the clothing worn by the defendant at time of his arrest was not "sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (see People v Caban, 5 NY3d 143, 152).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court