People v Ruiz (2024 NY Slip Op 03189)

People v Ruiz

2024 NY Slip Op 03189

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2020-00602
 (Ind. No. 1238/18)

[*1]The People of the State of New York, respondent,
v
David Ruiz, appellant.

Patricia Pazner, New York, NY (Sam Feldman and White & Case LLP [Jacqueline Chung, Jade Yoo, Kathryn Kuethman, and Grace Cho], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Semyon Davydov of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered November 22, 2019, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of robbery in the first degree and a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years, on each conviction of robbery in the second degree, with those sentences to run concurrently with each other and consecutively to a sentence that had not yet been imposed by a federal court.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof directing that the sentences imposed shall run consecutively to a sentence that had not yet been imposed by a federal court; as so modified, the judgment is affirmed.
The defendant was charged with, among other crimes, robbery in the first degree in connection with the robbery of the victim while the victim was in his vehicle, which was parked in front of his house in Queens. After a jury trial, the defendant was convicted of one count of robbery in the first degree and two counts of robbery in the second degree.
The defendant's contention that the verdict was against the weight of the evidence because the People did not establish his identity as one of the perpetrators of the robbery is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342).
The defendant's contention that his Fourth Amendment rights were violated when the People obtained his historical cell site location information without obtaining a warrant (see Carpenter v United States, 585 US 296; People v Riche, 225 AD3d 30, 35) is unpreserved for [*2]appellate review (see People v Cunningham, 194 AD3d 954), and we decline to reach it in the exercise of our interest of justice jurisdiction (see id.). Moreover, under the circumstances presented here, the defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Gordon, 197 AD3d 723, 724-725).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
However, the Supreme Court had no authority to direct that the sentences imposed on the convictions herein shall run consecutively to a federal sentence that had not yet been imposed (see Penal Law § 70.25[1]; Matter of Murray v Goord, 1 NY3d 29, 32).
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court