■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STEWART, Appellant. [889 NYS2d 173]—

Order, Supreme Court, New York County (Bruce Allen J.), entered on or about April 3, 2009, which denied defendant's CPL article 440 motion, unanimously affirmed.

When defendant pleaded guilty in 2003, the court did not inform him of the specific term of postrelease supervision he would be receiving, although it did inform him it would impose the maximum permissible term. At sentencing the court imposed five years' postrelease supervision. The omission of the warning required under *People v Catu* (4 NY3d 242 [2005]) "is clear from the face of the record and therefore not properly raised in a CPL article 440 motion" (*People v Louree*, 8 NY3d 541, 546 [2007]). There is no merit to defendant's argument that this aspect of the *Louree* decision is dictum.

Defendant also argues that this rule should not apply to him because his failure to take a direct appeal was not "unjustifiable" within the meaning of CPL 440.10 (2) (c), in that his time to take an appeal expired before *Catu* was decided, so that an appeal would allegedly have been futile. Under that reasoning, since a CPL article 440 motion has no time limit, a defendant whose conviction was already final could use such a motion to take advantage of any relevant new development in the law, regardless of whether the new rule applied retroactively on col-

lateral review (*cf. Policano v Herbert*, 7 NY3d 588, 603-604 [2006]). Moreover, it would not have been "futile" to raise the issue of lack of advice concerning postrelease supervision on appeal; defendant had the same opportunity as the defendant in *Catu* to do so. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.