[947 NE2d 1182, 923 NYS2d 404]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STEWART, Appellant.

Argued February 15, 2011; decided April 5, 2011

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, New York City (*Alan S. Axelrod* and *Steven Banks* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Susan Axelrod* and *Vincent Rivellese* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

In 2003, when defendant pleaded guilty to attempted robbery in the first degree, the court advised him that he would receive a 3½-year prison term with "maximum post-release supervision time." At sentencing, the court pronounced the determinate sentence along with a five-year term of postrelease supervision. Defendant did not object to the imposition of postrelease supervision at sentencing nor did he pursue a direct appeal. However, in 2008, he filed a CPL 440.10 motion seeking vacatur of his plea based on *People v Catu* (4 NY3d 242 [2005]), contending that his plea was involuntary because the court failed to advise him of the specific term of postrelease supervision during the plea proceeding. Supreme Court denied the motion, relying on *People v Louree* (8 NY3d 541 [2007]) for the proposition that defendant's *Catu* claim could not be raised in a CPL 440.10 motion. The Appellate Division affirmed, as do we.

In *Louree*, we held that when "a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal" because the error is evident from the transcript of the plea proceeding (*id.* at 545-546). *Catu* claims have therefore been treated no differently than any other failure to advise a defendant of a direct consequence of a plea under the rule articulated in *People v Ford* (86 NY2d 397 [1995]). We further observed in *Louree* that, since the omission is clear from the face of the trial record, a *Catu* claim generally cannot be raised in a CPL 440.10 motion (*Louree*, 8 NY3d at 546 n; *see* CPL 440.10 [2] [c]).

Defendant's contention that *Louree* changed the law concerning the types of claims that may be brought in a CPL 440.10 collateral proceeding is without merit. As far back as 1986, this Court had made clear that "[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed

*only* by direct appeal" (*People v Cooks*, 67 NY2d 100, 104 [1986] [emphasis added]; *see also, People v Angelakos*, 70 NY2d 670 [1987]). A *Catu* claim is indistinguishable from a challenge to the adequacy of the plea allocution and, as we stated previously, it is reviewable on direct appeal. In the absence of justification for a defendant's failure to pursue this issue in a direct appeal (which is absent here), such a claim may not be raised in a CPL 440.10 motion. We are therefore foreclosed from addressing defendant's argument on the merits.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.