◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SCOTT, Appellant. [6 NYS3d 247]—

Judgment, Supreme Court, New York County (Analisa Torres, J.), rendered April 14, 2011, convicting defendant, after a nonjury trial, of rape in the first degree, assault in the second degree, two counts of assault in the third degree, and two counts of aggravated harassment in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed. Order, same court (Abraham L. Clott, J.), entered January 9, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its evaluation of the victim's delay in reporting the rape and any inconsistencies in her testimony.

The court properly denied defendant's CPL 440.10 motion, alleging a violation of the People's disclosure obligations. After defendant's conviction, the People disclosed a brief portion of a videotape that was made by a television network for a documentary film. In the videotape, two prosecutors discuss defendant's case, and express opinions on the anticipated difficulty of obtaining a conviction. In particular, a prosecutor expresses the opinion that the victim was "slow," and may not have understood that defendant's conduct constituted rape. To the extent that these comments could be viewed as a source of impeachment material, we find that there was no reasonable possibility that timely disclosure would have affected the outcome (see e.g. People v Fuentes, 12 NY3d 259, 263-265 [2009]). This information was similar to impeachment material available to defendant at trial, including a document he actually used in cross-examination. Furthermore, the undisclosed video clip had little or no probative value on the issue of whether defendant actually had forcible sexual intercourse with the victim, and his claim that this material could have led to significant impeachment is speculative (see People v Garrett, 23 NY3d 878, 891-892 [2014]).

Defendant's claim that the court should have admitted a recording containing his own exculpatory statement is unpreserved and expressly waived, and we decline to review it in the interest of justice. To the extent that defendant sought admission of the statement, he abandoned that request and accepted a different remedy offered by the court. As an alternate holding, we find that defendant was not entitled to introduce his self-serving statement, and that, unlike the situation in People v Carroll (95 NY2d 375, 385-387 [2000]), the People did not open the door to admission of the statement.

Defendant failed to preserve his constitutional challenge to former Penal Law § 240.30 (1) (a), which has been declared unconstitutional (see People v Golb, 23 NY3d 455, 467-468 [2014]) and we decline to vacate his aggravated harassment convictions in the interest of justice. The unconstitutionality of a statute is not exempt from the requirement of preservation (see e.g. People v Dozier, 52 NY2d 781 [1980]), and the fact that Golb is applicable to cases pending on appeal does not relieve defendant of that requirement. Although Golb had not yet been decided at the time of defendant's trial, defendant had the same opportunity as the defendant in Golb to raise the issue (see People v Stewart, 67 AD3d 553, 554 [2009], affd 16 NY3d 839 [2011]), and the argument that an "appellant should not be penalized for his failure to anticipate the shape of things to

come" is without merit (*People v Reynolds*, 25 NY2d 489, 495 [1969]; *see also People v Hill*, 85 NY2d 256, 262 [1995]). Defendant has not demonstrated that the interest of justice would be served by relieving him of these convictions.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.