■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAYLOR MURPHY, Appellant. [18 NYS3d 51]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 4, 2013, convicting defendant, after a jury trial, of criminal contempt in the first and second degrees, assault in the third degree and criminal mischief in the fourth degree, and sentencing him to a term of five years' probation, unanimously affirmed.

Defendant did not preserve his challenge to the constitutionality of Penal Law § 215.51 (b) (iv), under which he was convicted of first-degree contempt, notwithstanding that he cites *People v Golb* (23 NY3d 455, 466-467 [2014]), which was decided after his trial (*see People v Scott*, 126 AD3d 645, 646 [1st Dept 2015], *lv denied* 25 NY3d 1171 [2015]). Defendant's argument to the contrary improperly conflates the issue of preservation with the principle of retroactivity to pending cases. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. While first-degree criminal contempt under Penal Law § 215.51 (b) (iv) includes the same intent standard—"with intent to harass, annoy, threaten or alarm"—that was held to be unconstitutionally vague in *Golb*, the contempt statute criminalizes conduct, not pure speech. Thus, unlike the aggravated harassment statute (former Penal Law § 240.30 [1] [a]), which "criminalize[d], in broad strokes, any communication that has the intent to annoy," (*Golb*, 23 NY3d at 467) the contempt statute proscribes conduct, and is not unconstitutional (*see People v Shack*, 86 NY2d 529, 535-537 [1995]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports reasonable inferences that defendant intended to harass, annoy, threaten or alarm the victim, given the hundreds of calls he made and texts he sent to her in violation of an order of protection, and that he lacked any legitimate purpose for doing so.

The evidentiary rulings challenged on appeal were appropriate exercises of discretion that did not cause defendant any prejudice. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.