■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS IRIZARRY, Appellant. [23 NYS3d 240]—Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered November 27, 2013, convicting defendant, after a jury trial, of sexual abuse in the first degree and aggravated harassment in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). We find no basis to disturb the jury's credibility findings. The victim's upset demeanor and prompt report to his father after defendant's attack supported the veracity of his trial testimony.

Defendant did not preserve his argument that by reading to the jury the complete definition of sexual contact (Penal Law § 130.00 [3]), the court constructively amended the indictment, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Viewing the court's charge, which stated the specific allegations of the indictment, as a whole and in light of the trial evidence and arguments, we find that the jury could not have been misled

into convicting defendant on an improper theory. We have considered and rejected defendant's claim that counsel rendered ineffective assistance by failing to raise this issue in a timely fashion.

Defendant has failed to preserve his challenge to his aggravated harassment conviction under former Penal Law § 240.30 (1) (a), and we adhere to our prior determinations that preservation is required in defendant's situation (*see People v Scott*, 126 AD3d 645, 646 [1st Dept 2015], *lv denied* 25 NY3d 1171 [2015]; *see also People v Murphy*, 132 AD3d 550 [2015]). The interest of justice would not be served by relieving defendant of this conviction, particularly since his egregious conduct went far beyond a mere communication with intent to annoy, which was the primary concern of the Court of Appeals when it invalidated the statute in *People v Golb* (23 NY3d 455, 467-468 [2014]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.