■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIETTE WARD, Appellant. [24 NYS3d 512]—Judgment, Supreme Court, Rockland County (Thomas A. Breslin, J.), rendered November 15, 2012, convicting defendant, upon her guilty plea, of aggravated harassment in the second degree, and sentencing her to three years' probation, unanimously affirmed.

Defendant's claim that a special prosecutor should have been appointed is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside, or not fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see People v Ford*, 86 NY2d 397, 404 [1995]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant's challenge to former Penal Law § 240.30 (1) (a), which has been declared unconstitutional (*People v Golb*, 23 NY3d 455, 466-468 [2014], *cert denied* 574 US —, 135 S Ct 1009 [2015]), is unpreserved (*see e.g. People v Scott*, 126 AD3d 645, 646 [1st Dept 2015], *lv denied* 25 NY3d 1171 [2015]), and we decline to vacate her bargained-for aggravated harassment conviction in the interest of justice. Concur—Renwick, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.