The People of the State of New York, Respondent, 570887/12 - 
against
Adrian Smith, Defendant-Appellant. 12-447 and



In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered March 1, 2012, convicting him, upon his plea of guilty, of second degree aggravated harassment, and imposing sentence, and (2) a judgment (same court and Judge), rendered March 1, 2012, after a jury trial, convicting him of one count of fourth degree stalking and nine counts of second degree aggravated harassment, and imposing sentence




Per Curiam.
Judgments of conviction (James M. Burke, J.), each rendered March 1, 2012, affirmed.
Defendant's request for vacatur of his nine convictions of aggravated harassment in the second degree on the basis that Penal Law § 240.30(1)(a) has been declared unconstitutional by the Court of Appeals after entry of the judgments against him (see People v Golb, (23 NY3d 455, 467-468 [2014], cert. denied 135 S. Ct. 1009 [2015]), is unpreserved and we decline to review it in the interest of justice (see People v Scott, 126 AD3d 645 [2015], lv denied 25 NY3d 1171 [2015]; see also People v Ward, 136 AD3d 504 [2016], lv denied 28 NY3d 938 [2016]; People v Irizarry, 135 AD3d 641, 642 [2016], lv denied 28 NY3d 931 [2016]). "The unconstitutionality of a statute is not exempt from the requirement of preservation" (People v Scott, 126 AD3d at 646). This determination renders academic defendant's contention that there was a prejudicial spillover error which warrants reversal of his remaining convictions (see People Doshi, 93 NY2d 499, 505 [1999]). In any event, the contention is without merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 14, 2017