THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOVERDE, Appellant. [57 NYS3d 296]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered February 7, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). Contrary to defendant's contention, County Court's determination that his waiver of his *Miranda* rights was knowing, voluntary and intelligent is supported by the record (*see People v Dangerfield*, 140 AD3d 1626, 1627 [2016], *lv denied* 28 NY3d 928 [2016]). Although the record establishes that defendant was under the influence of alcohol during the interview, "the evidence . . . establishes that [he] was not intoxicated to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights" (*id.* [internal quotation marks omitted]; *see People v Peterkin*, 89 AD3d 1455, 1455 [2011], *lv denied* 18 NY3d 885 [2012]).

We reject defendant's further contention that the judgment of conviction should be vacated because the order of protection, issued by a local court in January 2011, was subsequently vacated by that court upon defendant's motion pursuant to CPL 440.10 to vacate the underlying conviction of harassment in the second degree (Penal Law § 240.26). It is undisputed that the order of protection was vacated by the local court several months after defendant was indicted for violating it. It is well settled that "[a]n order of a court must be obeyed . . . so

long as the court is possessed of jurisdiction and its order is not void on its face" (*People v Harden*, 26 AD3d 887, 888 [2006], *lv denied* 6 NY3d 834 [2006] [internal quotation marks omitted]), and defendant does not contend either that the local court lacked jurisdiction to issue the order of protection or that it was void on its face.

Defendant failed to object at sentencing to the issuance of an order of protection on behalf of the victim's mother and thus failed to preserve for our review his challenges to the validity of that order of protection and its duration (*see People v Smith*, 122 AD3d 1420, 1421 [2014], *lv denied* 25 NY3d 1172 [2015]). We decline to exercise our power to review defendant's challenges as a matter of discretion in the interest of justice (*see id.*). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.