■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIFE MOSES, Appellant. [65 NYS3d 15]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered January 8, 2015, as amended January 9, 2015, convicting defendant of murder in the second degree, robbery in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 40 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new aggregate term of 25 years to life, and otherwise affirmed.

The court properly denied defendant's motion to suppress a lineup identification. The lineup was not unduly suggestive. Defendant and the fillers were all reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The difference in height between defendant and almost all of the fillers was not so significant as to create a risk of misidentification, and, in any event, the lineup was conducted so as to limit any effect of a height differential (*see People v Johnson*, 306 AD2d 214 [1st Dept 2003], *lv denied* 100 NY2d 621 [2003]).

Defendant's challenge to the content of the court's instructions regarding corroboration of accomplice testimony is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the better practice would have been to read the CJI without augmentation since the charge was revised to accord with *Reome*; however the instructions, read as a whole, conveyed the appropriate principles (*see People v Reome*, 15 NY3d 188 [2010]). Similarly, we reject defendant's claim that his counsel rendered ineffective assistance by failing to object to the instructions (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]); accordingly, we do not

find that the lack of preservation should be excused on the ground of ineffective assistance.

While the court lawfully imposed a consecutive sentence for the conviction under Penal Law § 265.03 (3), we nevertheless, in our discretion run all the sentences concurrently. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.