The People of the State of New York, Respondent,
against
Etan Leibovitz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J., at pretrial proceedings; Anthony J. Ferrara, J., at hearing, trial and sentencing), rendered December 30, 2013, after a jury trial, convicting him of two counts of aggravated harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J., at pretrial proceedings; Anthony J. Ferrara, J., at hearing, trial and sentencing), rendered December 30, 2013, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis to disturb the jury's credibility findings. Defendant's unrelenting pursuit of complainant, which included a barrage of telephone calls made at all hours of the day and night, numerous emails, and appearing at complainant's residence, despite complainant's repeated requests that defendant not contact him, but rather, contact his attorney, exceeded the bounds of legitimate communication and was made with intent to harass, annoy, threaten or alarm complainant, or so the jury could reasonably find (see People v Stuart, 100 NY2d 412 [2003]).
Defendant's request for vacatur of his conviction of aggravated harassment in the second degree on the basis that Penal Law § 240.30(1)(a) has been declared unconstitutional by the Court of Appeals (see People v Golb, 23 NY3d 455, 467—468 [2014], cert denied 135 S Ct 1009 [2015]), is unpreserved (see People v Scott, 126 AD3d 645 [2015], lv denied 25 NY3d 1171 [2015]; see also People v Ward, 136 AD3d 504 [2016], lv denied 28 NY3d 938 [2016]). The interest of justice would not be served by relieving defendant of this conviction, particularly since his egregious conduct went far beyond a mere communication with intent to annoy, which was the primary concern of the Court of Appeals when it invalidated the statute in People v Golb, supra (see People v Irizarry, 135 AD3d 641, 642 [2016], lv denied 28 NY3d 931 [2016]). This [*2]determination renders academic defendant's contention that there was a prejudicial spillover error which warrants reversal of his remaining conviction (see People v Doshi, 93 NY2d 499, 505 [1999]). In any event, the contention is without merit.
Defendant was not deprived of his right to self-representation. Rather than being unequivocal, defendant's first request for self-representation was made in the context of a claim of dissatisfaction with counsel (see People v Little, 151 AD3d 531 [2017], lv denied 30 NY3d 951 [2017]), and the court deferred, rather than denied, the request until the next proceeding. Defendant's renewed application to represent himself was properly denied because of his disruptive and obstreperous conduct (see People v McIntyre, 36 NY2d 10 [1974]). In any event, prior to trial, defendant was granted the right to represent himself and he subsequently abandoned his pro se status.
We have reviewed defendant's remaining contentions, including those in his supplemental pro se brief, and find them to be unreviewable on appeal, unpreserved or meritless.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 30, 2018