People v Crum (2020 NY Slip Op 03282)





People v Crum


2020 NY Slip Op 03282


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11639 623/12

[*1] The People of the State of New York, Respondent,
v
Michael Crum, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 13, 2016, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the first and second degrees, assault in the first degree, attempted assault in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 35 years to life; and order, same court (Michele Rodney, J.), entered on or about March 4, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
At trial, defendant did not preserve any claim relating to cell site location information obtained without a warrant, and the motion court providently exercised its discretion under CPL 440.10(2)(b) when it rejected defendant's attempt to raise this issue by way of a postconviction motion. Defendant asserts that it would have been futile for trial counsel to raise the issue because the Supreme Court of the United States had not yet decided Carpenter v United States (585 US __, 138 S Ct 2206 [2018]), a case that we assume, without deciding, applies here because defendant's direct appeal was pending at the time that case was decided. We conclude that defendant should not be permitted to avoid the consequences of the lack of preservation. Although Carpenter had not yet been decided, and trial counsel may have reasonably declined to challenge the cell site information, defendant had the same opportunity to advocate for a change in the law as did the litigant who ultimately succeeded in doing so (see People v Stewart, 67 AD3d 553, 554 [2009], affd 16 NY3d 839 [2011]). In the closely related context of preservation, the Court of Appeals has expressly rejected the argument that an "appellant should not be penalized for his failure to anticipate the shape of things to come" (People v Reynolds, 25 NY2d 489, 495 [1969]; see also People v Hill, 85 NY2d 256, 262 [1995]). In any event, regardless of the admissibility of the cell site data, there was overwhelming evidence, including defendant's confession, as well as videotapes that independently established his guilt.
The trial court providently exercised its discretion when it precluded defense counsel from making a summation argument that was not based on the evidence in this case, but instead referred to news media coverage of unrelated cases. Defendant did not preserve any claim that he was constitutionally entitled to make this argument, or any of his claims of prosecutorial misconduct at various stages of the trial, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. While there were improprieties involving the prosecutor's undue emphasis on his personal participation in the case, they were not so egregious as to require reversal (see People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]), and any error was harmless in light of the overwhelming evidence of guilt, as discussed above (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v [*2]Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
A grand jury's indictment of defendant for depraved indifference murder, after a prior grand jury had indicted him for intentional murder, did not violate CPL 170.95(3). The second presentation did not require permission from the court, because the first indictment cannot be deemed a dismissal of the depraved indifference count in the absence of any indication that the first grand jury was aware of or considered that charge (see People v Wilkins, 68 NY2d 269, 274 [1986]). The rule that a person may not be convicted of both intentional and depraved indifference murder (see People v Gallagher, 69 NY2d 525, 529-530 [1987]) applies to verdicts after trial, not indictments. These charges may be presented to a trial jury in the alternative (as occurred in this case, where defendant was acquitted of depraved murder but nevertheless claims a spillover effect). Furthermore, the People were not required to present both charges to the same grand jury (see People v Cade, 74 NY2d 410, 415 [1989]).
The court lawfully imposed consecutive sentences for murder and weapon possession, because the record shows that defendant's unlawful possession of a handgun outside his home or place of business was complete before he shot at the four victims (see People v Brown, 21 NY3d 739, 752 [2013]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK