People v Colon (2020 NY Slip Op 06068)





People v Colon


2020 NY Slip Op 06068


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Ind No. 5073/10 826/11 2527/11 Appeal No. 12178 Case No. 2016/887 

[*1]The People of the State of New York, Respondent,
v
Randy Colon, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Marika Meis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 9, 2015, as amended April 17, 2015, convicting defendant, after a jury trial, of murder in the first and second degrees, burglary in the first degree (three counts), robbery in the first and second degrees (three counts each), criminal possession of a weapon in the second degree, assault in the second degree and promoting prison contraband in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 49 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress evidence obtained at the time of his arrest in Pennsylvania. There is no basis for disturbing the court's credibility determinations. When New York police arrested defendant in Pennsylvania, they immediately notified, and acted jointly with, Pennsylvania police. To the extent there was any irregularity regarding Pennsylvania procedures for arrests by out-of-state authorities, the suppression court correctly found that there was no evidence of an intentional or knowing disregard of legal requirements by the arresting officers (see People v Sampson, 73 NY2d 908 [1989]). The court also correctly determined that there was probable cause for defendant's arrest, based on the totality of information known to police, including a description that referenced defendant's distinctive skin condition, as well as significant circumstantial evidence linking him to the crime (see generally People v Bigelow, 66 NY2d 417, 423 [1985]). The People also established by clear and convincing evidence that defendant voluntarily consented to a search of his cellphone (see generally People v Gonzalez, 39 NY2d 122 [1976]).
Defendant did not preserve any claim relating to cell site location information obtained without a warrant. The fact that the Supreme Court of the United States had not yet decided Carpenter v United States (585 US &mdash, 138 S Ct 2206 [2018]) at the time of defendant's trial does not affect the requirement of preservation (People v Crum, 184 AD3d 454, 455 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]). We
decline to review this claim in the interest of justice. As an alternative holding, we find that regardless of the admissibility of the cell site data, there was overwhelming evidence, including defendant's statement and eyewitness identifications, that independently established his guilt (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant's argument that his application pursuant to Batson v Kentucky (476 US 79 [1986]), should have been granted is also unpreserved. The record indicates that the defendant raised no objection when the court accepted the prosecutor's race-neutral explanations for the challenges at issue as nonpretexual. The record also fails to support defendant's arguments that he was not properly "afforded" the opportunity to make that claim, and that the court conflated Batson's second and third steps (see People v Allen, 86 NY2d 101, 111 [1995]; People v Washington, 56 AD3d 258, 259 [1st Dept 2008], lv denied 11 NY3d 931 [2009]). As the moving party, it was defendant's burden to make a record, and we reject his argument that the court prevented him from doing so, either as to his procedural or substantive claims (see People v Smocum, 99 NY2d 418, 422-423 [2003]). We decline to review these arguments in the interest of justice. As an alternative holding, we find that the record supports the court's express or implied findings that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]).
Defendant's argument that the court improvidently addressed the scheduling issues of three jurors is also unpreserved. Following a Buford inquiry, the court properly concluded that there was no basis to discharge a juror given her assurances to the court that she would remain fair despite her upcoming work schedule (see People v Buford, 69 NY2d 290 [1987]). Defendant failed to object to the court's inquiry as insufficient or otherwise deficient and also failed to argue that a Buford inquiry was required for two other jurors who both stated that they had upcoming scheduled airline flights and we decline to review this unpreserved claim in the interest of justice (id. ). As an alternative holding, we find no basis for reversal.
Although the People concede for the purposes of this appeal that the court was required to conduct a Frye hearing on the general acceptance of the forensic statistical tool before admitting DNA evidence (People v Williams, 35 NY3d 24 [2020]), the error
in its admission was harmless under the standard for nonconstitutional errors, in light of the other overwhelming evidence of defendant's guilt (id. at 42-43).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020