People v Brown (2020 NY Slip Op 08011)





People v Brown


2020 NY Slip Op 08011


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Ind No. 3057/14 Appeal No. 12624 Case No. 2015-2477 

[*1]The People of the State of New York, Respondent,
v
Warren Brown, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Robert Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 16, 2015, as amended May 20, 2015, convicting defendant, after a jury trial, of criminal contempt in the first degree, petit larceny and two counts of endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.
Defendant was properly convicted of first-degree criminal contempt under Penal Law § 215.51(b)(v) for violating an order of protection that had been issued upon his conviction of second-degree aggravated harassment under former Penal Law § 240.30(1)(a). The contempt conviction was valid even though the Court of Appeals declared that the aggravated harassment provision underlying the order of protection was unconstitutional in People v Golb (23 NY3d 455 [2014], cert denied 574 US 1079 [2015]). Golb was decided after the order of protection was issued against defendant, but before he violated it.
It is well established that a defendant must comply with a court order that has not been vacated, unless the issuing court lacked jurisdiction or the order was void on its face (State of New York v Congress of Racial Equality [C.O.R.E.], 92 AD2d 815, 817 [1st Dept 1983] [citing Ketchum v Edwards, 153 NY 534 (1897)]; see also Rivera v Smith, 63 NY2d 501, 516 [1984]). Obedience to the lawful mandate of the court is required even though it is later held that the order was erroneous, improvidently made, or granted by the court under misapprehension or mistake (Ketchum, 153 NY at 538-539). Defendant argues that once the Court of Appeals declared the offense of aggravated harassment in the second degree under former Penal Law § 240.30(1)(a) unconstitutional, the order of protection previously issued against defendant became void on its face. We disagree. The Golb decision did not render defendant's order of protection void on its face, but merely voidable.
Defendant's underlying conviction was final before Golb was decided. The order of protection was indisputably valid at the time of its issuance. After Golb, there are no reported cases holding that convictions under former Penal Law § 240.30 (1)(a) are automatically vacated. Instead, where there was vacatur of a conviction or order of protection, it was in response to a request for relief either on appeal or in a posttrial motion (see Matter of Elizabeth T. v Andrew T., 124 AD3d 556 [1st Dept 2015] [order of protection vacated on direct appeal]; Matter of Lystra Fatimah N. v Rafael M., 122 AD3d 499 [1st Dept 2014] [order of protection vacated on direct appeal] ; People v Loverde, 151 AD3d 1738 [4th Dept 2017][references successful posttrial motion to vacate order of protection]; People v Edrees, 123 AD3d 842 [2d Dept 2014], lv denied 25 NY3d 989 [2015] [conviction vacated on direct appeal]).
Most importantly, many of the convictions under former Penal Law § 240.30 (1)(c), which occurred before Golb was decided[*2], were not vacated at all, notwithstanding that a defendant affirmatively sought such relief (People v Scott, 126 AD3d 645 [1st Dept 2015], lv denied 25 NY3d 1171 [2015][where the defendant failed to preserve any constitutional argument, conviction would not be vacated][FN1]; see also People v Ward, 136 AD3d 504 [1st Dept 2016], lv denied 28 NY3d 938 [2016]; People v Irizarry, 135 AD3d 641 [1st Dept 2016], lv denied 28 NY3d 931 [2016]). Likewise, orders of protection issued in Family Court predicated on former Penal Law § 240.30(1)(a) were not necessarily vacated following Golb (Matter of Jaynie S. v Gaetano D., 134 AD3d 473 [1st Dept 2015], lv denied 26 NY3d 917 [2016]). Because not every conviction or order of protection following Golb has been vacated, it stands to reason that an order of protection predicated on such a conviction cannot be void on its face. Instead, it is incumbent upon a defendant to seek relief from such conviction or order, which relief may or may not be granted. Unless and until an order of protection is vacated, it remains enforceable and provides a valid predicate for criminal contempt (see Loverde, 151 AD3d at 1738-1739 [criminal conviction for contempt upheld notwithstanding that order of protection was vacated several months after the defendant was indicted for violating it]).
Defendant did not challenge the order of protection by appealing the aggravated harassment conviction against him, and in any event, it is unclear whether such a challenge would have been successful (see People v Scott, 126 AD3d at 646). His subsequent CPL 440.10 motion to vacate the conviction and order of protection based on Golb was denied (People v Brown, 47 Misc 3d 1201[A], 2015 NY Slip Op 50355[U] [Crim Ct, NY County 2015]). Defendant was therefore required to comply with the extant order and his violation constituted criminal contempt (see People v Ellis, 45 Misc 3d 716, 719-720 [Crim Ct, NY County 2014], affd 65 Misc 3d 136[A], 2019 NY Slip Op 51668[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1127 [2020]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020



Footnotes

Footnote 1: The defendant in Scott subsequently was denied a writ of habeas corpus in Federal Court. The court held, "the First Department relied on an adequate and independent state ground, New York's contemporaneous objection rule, to deny Scott's Golb claim . . ." (Scott v Graham, 2018 WL 5257613, at *11 [SD NY Oct. 22, 2018, 16-Civ-2372 (KPF/JLC)]).