People v Williams (2022 NY Slip Op 50390(U))

[*1]

People v Williams (Paul)

2022 NY Slip Op 50390(U) [75 Misc 3d 129(A)]

Decided on May 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570942/14

The People of the State of New York,
Respondent,
against
Paul Williams, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered May 13, 2014, convicting him, upon a plea of
guilty, of aggravated harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered May 13, 2014, affirmed. 
Defendant's request for vacatur of his conviction of aggravated harassment in the second
degree on the basis that Penal Law § 240.30(1)(a) has been declared unconstitutional by the
Court of Appeals (see People v
Golb, 23 NY3d 455, 467—468 [2014], cert denied 574 US 1079 [2015]),
is unpreserved (see People v Scott,
126 AD3d 645 [2015], lv denied 25 NY3d 1171 [2015]; see also People v Ward, 136 AD3d
504 [2016], lv denied 28 NY3d 938 [2016]). The interest of justice would not be
served by relieving defendant, who had a history of domestic violence against the victim, of this
conviction, particularly since his egregious conduct went far beyond a mere communication with
intent to annoy, which was the primary concern of the Court of Appeals when it invalidated the
statute in People v Golb, supra (see People v Irizarry, 135 AD3d 641, 642 [2016], lv denied
28 NY3d 931 [2016]). 
Nor was the information jurisdictionally defective. Allegations that defendant called the
victim and stated "I'm going to have your head," "I will cut you and make you bleed," and "if I
can't get you, I will get your sister and your mother," were sufficient at the pleading stage to
support a finding that defendant made a "genuine threat[]" to physically harm complainant
(People v Dietze, 75 NY2d 47, 54 [1989]; see People v Genao, 67 Misc 3d 140[A], 2020 NY Slip Op
50700[U] [App Term, 1st Dept 2020], lv denied 37 NY3d 965 [2021]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 12, 2022