People v McWilliams (2023 NY Slip Op 01389)

People v Mcwilliams

2023 NY Slip Op 01389

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

98 KA 20-00059

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUINTIN J. MCWILLIAMS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), entered October 9, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant contends that he is entitled to reversal of the judgment of conviction and dismissal of the indictment because the single statutory offense under which he was charged and convicted (see id.) is facially unconstitutional under the Second Amendment of the United States Constitution as interpreted by the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022] [Bruen]). Although defendant "d[id] not forfeit the right on appeal from the conviction to challenge the constitutionality of the statute under which he was convicted" by pleading guilty (People v Lee, 58 NY2d 491, 493 [1983]) and he has notified the Attorney General of the State of New York pursuant to Executive Law § 71 that he is challenging the constitutionality of the statute on appeal (see People v Tucker, 181 AD3d 103, 105 [4th Dept 2020], cert denied — US &mdash, 141 S Ct 566 [2020]), defendant correctly concedes that his challenge to the constitutionality of the statute is not preserved for our review inasmuch as he failed to raise any such challenge before the trial court (see People v Jacque-Crews, — AD3d &mdash, &mdash, 2023 NY Slip Op 00785 [4th Dept 2023]; People v Gerow, 85 AD3d 1319, 1320 [3d Dept 2011]; cf. People v Hughes, 22 NY3d 44, 48-49 [2013]; see generally People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]).
Defendant nonetheless contends that his constitutional challenge to Penal Law § 265.03 (3) should be exempt from the preservation requirement because, among other things, other states allow facial constitutional challenges to be raised for the first time on appeal. That, however, is not the law in New York. "The unconstitutionality of a statute is not exempt from the requirement of preservation" (People v Scott, 126 AD3d 645, 646 [1st Dept 2015], lv denied 25 NY3d 1171 [2015]; see People v Iannelli, 69 NY2d 684, 685 [1986], cert denied 482 US 914 [1987]; People v Dozier, 52 NY2d 781, 783 [1980]; People v Thomas, 50 NY2d 467, 473 [1980]).
Defendant's attempts to invoke exceptions to the preservation rule are unavailing inasmuch as the United States Supreme Court's intervening decision in Bruen neither held any criminal statute unconstitutional (cf. People v Tannenbaum, 23 NY2d 753, 753 [1968]) nor called into doubt New York's criminal prohibitions on unlicensed possession of firearms (cf. [*2]People v Patterson, 39 NY2d 288, 296 [1976], affd 432 US 197 [1977]; see generally Thomas, 50 NY2d at 472-473).
Defendant nonetheless asserts that preservation should not be required because it would have been futile to raise his constitutional argument before Supreme Court. We reject that assertion and conclude that defendant "should not be permitted to avoid the consequences of the lack of preservation" on the basis that a constitutional challenge to the Penal Law statute would ostensibly have been futile (People v Crum, 184 AD3d 454, 455 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]; see People v White, 189 AD3d 634, 635 [1st Dept 2020], lv denied 36 NY3d 1101 [2021]; see also People v Cunningham, 194 AD3d 954, 956 [2d Dept 2021], lv denied 37 NY3d 991 [2021]; People v Colon, 187 AD3d 647, 648 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]). Here, "[a]lthough [Bruen] had not yet been decided, and trial counsel may have reasonably declined to challenge the [constitutionality of Penal Law § 265.03 (3)], defendant had the same opportunity to advocate for a change in the law as [any other] litigant" (Crum, 184 AD3d at 455; see generally People v Stewart, 67 AD3d 553, 554 [1st Dept 2009], affd 16 NY3d 839 [2011]).
We decline to exercise our power to review defendant's constitutional challenge to the statute under which he was convicted as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, defendant failed to preserve for our review his contention that the sentence constitutes cruel and unusual punishment (see People v Pena, 28 NY3d 727, 730 [2017]; People v Suprunchik, 208 AD3d 1058, 1059 [4th Dept 2022]; People v Archibald, 148 AD3d 1794, 1795 [4th Dept 2017], lv denied 29 NY3d 1075 [2017]), and we decline to exercise our power to review that contention as a matter of
discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court