People v Adames (2023 NY Slip Op 02623)

People v Adames

2023 NY Slip Op 02623

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Ind. No. 3217/08 Appeal No. 257 Case No. 2019-5002 

[*1]The People of the State of New York, Respondent,
v
Willi Adames, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered January 27, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant did not preserve his claim that Penal Law § 265.03(3) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (__ US __, 142 S Ct 2111 [2022]), or his related claim that the ineligibility of persons under 21 (such as himself at the time of the crime) to apply for licenses to carry firearms violates the Second Amendment. "This [preservation] requirement is no mere formalism, but ensures that the drastic step of striking duly enacted legislation will be taken not in a vacuum but only after the lower courts have had an opportunity to address the issue and the unconstitutionality of the challenged provision has been established" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).
"[D]efendant should not be permitted to avoid the consequences of the lack of preservation" on the ground that a constitutional challenge to Penal Law § 265.03(3) would have been futile (People v Crum, 184 AD3d 454, 455 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]). Here, "[a]lthough [Bruen] had not yet been decided, and trial counsel may have reasonably declined to challenge the [constitutionality of Penal Law § 265.03 (3)], defendant had the same opportunity to advocate for a change in the law as [any other] litigant" (id.; see also People v McWilliams, 214 AD3d 1328,1330 [4th Dept 2023]). Defendant is essentially making the argument that an "appellant should not be penalized for his failure to anticipate the shape of things to come," but the Court of Appeals has expressly rejected that argument (People v Reynolds, 25 NY2d 489, 495 [1969]). This preservation principle applies to constitutional claims (see e.g. People v Friola, 11 NY2d 157 [1962] [Fourth Amendment]; People v Crum, 184 AD3d at 455 [1962] [same]; People v Scott, 126 AD3d 645, 646 [1st Dept 2015], lv denied 25 NY3d 1171 [2015] [unconstitutional statute]; People v Lopez, 25 AD3d 385 [1st Dept 2006], lv denied 7 NY3d 758 [2006][Confrontation Clause]). People v Patterson (39 NY2d 288, 295-296 [1976], affd 432 US 197 [1977]), which deals, in pertinent part, with retroactivity and mode of proceedings errors exempt from preservation, is not to the contrary.
We decline to consider defendant's unpreserved argument in the interest of justice. As an alternative holding, we find that on the present record, defendant has failed to establish that Penal Law § 265.03(3) is unconstitutional.
Based on our own interest of justice powers and the People's consent, we vacate the surcharge and fees imposed at sentencing (see People [*2]v Chirinos, 190 AD3d 434 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023