People v Cornish (2024 NY Slip Op 24015)

[*1]

People v Cornish

2024 NY Slip Op 24015

Decided on January 21, 2024

Justice Court Of The Town Of Perinton, Monroe County

Muldoon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 21, 2024
Justice Court of the Town of Perinton, Monroe County

People of the State of New York

against
Matthew D. Cornish, Defendant

Index No. XXXXX

Janna Jehlen for the Monroe County District Attorney's Office.
Gabriela E. Wolfe, Monroe County Public Defender Office, for defendant.

Gary Muldoon, J.

Is a temporary order of protection that was issued in a criminal action valid when the underlying accusatory instrument is later dismissed for facial insufficiency?
Defendant was arrested and charged with Assault 3rd degree, his wife being the complainant. At the off-hours arraignment, a judge from an adjacent town issued a family offense temporary stay-away order of protection. Three days later, defendant allegedly violated that TOP, and was charged with a second misdemeanor, Criminal Contempt 2nd degree. The underlying accusatory instrument that charged Assault 3rd degree was later dismissed for facial insufficiency. As part of the dismissal of that charge, the TOP was dismissed and sealed with the webDVS system. The arresting agency and the county clerk's office were notified of the sealing as well.
The relevant dates (all 2023) are:
October 11 Defendant arraigned on Assault 3rd; TOP issued
October 14 Defendant allegedly violates stay-away TOP; wife signs supporting deposition for contempt
October 18 Defendant arrested for contempt and issued appearance ticket
October 22 Information charging contempt filed
October 31 Defendant arraigned on contempt charge
November 14 Assault 3rd charge dismissed.
The defense now moves to dismiss the Criminal Contempt 2nd charge. The defense does not contend that the TOP was itself in any way defective or insufficient, but rather argues that since the TOP's underlying basis was later found defective, the arraigning court lacked jurisdiction to issue the order of protection.
In response, the prosecution argues that the facial insufficiency of an underlying accusatory instrument does not affect the validity of the TOP.
The situation addressed here is largely confined to temporary orders of protection. But the same argument might arise where a defendant is convicted of the underlying offense and a final order of protection is issued. If that conviction is later overturned, does that nullify the final order of protection's validity during the time the conviction was still apparently valid?
When a conviction is reversed, the various components of a sentence are vacated as well, along with any intermediate orders. See CPL 215.40. An order of protection is "an ameliorative measure intended to safeguard the rights of victims and witnesses both prior to and after conviction—it is not a part of the sentence imposed." People v Nieves, 2 NY3d 310, 316 (2004). But until that conviction is overturned, is the final order of protection invalid due to the underlying conviction's invalidity?
The defense motion relies on language in People v Brown, 189 AD3d 701 (1st Dept 2020), which affirmed a conviction for Criminal Contempt 1st degree. In Brown the First Department stated that "It is well established that a defendant must comply with a court order that has not been vacated, unless the issuing court lacked jurisdiction or the order was void on its face . . . ." 189 AD3d at 701 (emphasis added). To the extent that Brown might apply to the present case, this quoted language is dictum, as the criminal conviction being appealed was affirmed. Additional language in Brown, quoted below, provides little support for the defense position.
The underlying offense in Brown concerned a Penal Law statute that the Court of Appeals later declared unconstitutional, Aggravated Harassment 2nd degree, former Penal Law § 240.30 (1) (a), in People v Golb, 23 NY3d 455 (2014), cert denied 574 US 1079 (2015).
The First Department in Brown further stated: "Obedience to the lawful mandate of the court is required even though it is later held that the order was erroneous, improvidently made, or granted by the court under misapprehension or mistake." Brown continued: "Defendant argues that once the Court of Appeals declared the offense of aggravated harassment in the second degree under former Penal Law § 240.30 (1) (a) unconstitutional, the order of protection issued against defendant became void on its face. We disagree. The Golb decision did not render defendant's order of protection void on its face, but merely voidable." 189 AD3d at 701-702.
The defense cites other cases in support of dismissal. None involved a contempt charge or order of protection, though all involved the issue of dismissal of an accusatory instrument for insufficiency. People v Jones, 9 NY3d 259 (2007), involved a Disorderly Conduct information: the failure to assert sufficient nonhearsay factual allegations was held to be a "jurisdictional defect," citing People v Alejandro, 70 NY2d 133, 134-135 (1987), which itself involved an information for Resisting Arrest that contained no allegations that the officer was effecting an authorized arrest. That omission was found in Alejandro to be a jurisdictional defect.
Matter of Edward B., 80 NY2d 458, 465 (1992), involved a juvenile delinquency proceeding with robbery and related charges: the "latent hearsay" character of facts alleged in the supporting deposition was not facially apparent but was discovered during trial or hearing. The Court of Appeals held that dismissal was not required.
People v Parsons, 69 Misc 3d 11, 17-18 (App Term 1st Dept 2020), involved a charge of Criminal Possession of a Controlled Substance 7th degree. The information contained allegations of the police officer's drug-identification training, but no non-conclusory factual allegations indicating the presence of at least one other indicia of criminality, resulting in its dismissal for being "jurisdictionally defective."
As explained in Nieves, above, the purpose of an order of protection, temporary or final, is to protect the covered person, to prevent further criminal activity from occurring. To dismiss the Criminal Contempt 2nd charge because another accusatory instrument is found defective for some reason is to set up a domino effect. It would in a sense encourage a person to disregard the terms of the order of protection, based on the belief or hope that the underlying accusatory is [*2]somehow invalid. Dismissal of the underlying charge did not give the defendant free rein to violate the TOP's terms based on the if-come of the Assault charge possibly being dismissed for whatever reason. 
The Assault 3rd charge here was titled an "Information," signed by a deputy sheriff, alleging that the husband had caused personal injury to the wife. The Assault 3rd charge was dismissed upon written defense motion, which referenced People v Alejandro, 70 NY2d 133 (1987).
Orders of protection are issued in a variety of venues and situations, criminal as well as family law. In Family Court a temporary order of protection may be issued ex parte for good cause shown, based on a petition filed by a pro se litigant. A family offense petition under Family Court Act article 8, for example, may later be found defective upon motion. But at the time the referee or judge issues a TOP, the underlying petition is likely not subjected to scrutiny for legally sufficiency. That determination awaits a contested motion and legal argument. Yet until that determination is made, the respondent is obliged to obey whatever mandates are contained in the temporary order. See Matter of Lisa T. v King E.T., 30 NY3d 548, 552 (2017) (Family Court has authority to enter a new order of protection when a party violates a TOP during the pendency of a family offense proceeding, even where the original petition has been dismissed, and the conduct alleged in the violation does not itself constitute a family offense); Solomon v Fishman, 162 AD3d 1051 (2d Dept 2018) (Family Court need not find that respondent committed a family offense or crime before determining that he willfully violated temporary order of protection); Matter of Mirelle F. v Renol F., 4 Misc 3d 1011(A), 2004 NY Slip Op. 50848(U) (Sup Ct 2004) (dismissal with prejudice of underlying family offense proceeding after hearing did not invalidate family offense petition); Matter of Santiago v Santiago, 158 AD3d 772 (2d Dept 2018) (withdrawal of family offense petition does not require dismissal of violation petition).
During the pendency of a criminal action, a judge may issue various temporary orders. That the charge was ultimately dismissed — whether upon withdrawal by the People, for speedy trial or other non-merits grounds, after trial, ACD'd, or (as here) upon motion for facial insufficiency — does not divest a court of jurisdiction of those orders issued.
Did the judge, when issuing the TOP here, based upon an apparently sufficient underlying accusatory (though it was later found defective), exceed the court's "jurisdiction"? I do not believe so. Defects may be "latent" and not discovered until trial, as in Matter of Edward B., above, or not be evident until the issue is raised in a motion to dismiss. There is a difference in law between a court having jurisdiction, and whether an accusatory instrument is jurisdictionally sufficient. A defect in the latter does not affect the validity of an order of protection. While the Assault 3rd charge here was eventually found to be legally insufficient, I do not find that the court "lacked jurisdiction," as those words were used in Brown, to issue a temporary order of protection.
The Criminal Contempt 2nd charge here is valid. The defense motion to dismiss is denied.
______________________
Gary Muldoon, Town Justice
January 21, 2024