People v Billups (2024 NY Slip Op 06167)

People v Billups

2024 NY Slip Op 06167

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Ind. No. 3045/12 Appeal No. 3228 Case No. 2016-866 

[*1]The People of the State of New York, Respondent,
v
Ricky Billups, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered January 8, 2015, as amended January 9, 2015, convicting defendant of murder in the second degree, robbery in the first and second degrees, and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate prison term of 40 years to life, unanimously affirmed.
Defendant's challenge to the content of the court's instructions regarding corroboration of accomplice testimony is unpreserved, and we decline to review it in the interest of justice or to reconsider our determination in the appeal by his codefendant (People v Moses, 155 AD3d 476 [1st Dept 2017], lv denied 30 NY3d 1107 [2018]). Alternatively, the instructions, read as a whole, conveyed the appropriate principles (see People v Reome, 15 NY3d 188 [2010]).
The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Butler, 25 AD3d 499, 499 [1st Dept 2006], lv denied 7 NY3d 786 [2006]; People v Walker, 83 NY2d 455, 458-459 [1994]). The court permitted limited inquiry about defendant's prior robbery conviction but forbade reference to the underlying criminal acts, and only permitted inquiry into the facts underlying a youthful offender adjudication which were highly probative of defendant's credibility.
Defendant did not preserve his challenge to cell site location information (see People v Colon, 187 AD3d 647 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]; People v Crum, 184 AD3d 454 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]), and we decline to review it in the interest of justice.
We conclude that the court lawfully imposed a consecutive sentence for the conviction under Penal Law § 265.03(3) and perceive no basis premised upon the interest of justice to run the sentences concurrently.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024